**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MILVIAN A. RODRIGUEZ ESTRADA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-02996 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Milvian A. Rodriguez Estrada's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging her continued detention by immigration authorities without an individualized bond hearing. (ECF No. 1.) Respondents filed a letter response (ECF No. 4), and Petitioner replied (ECF No. 5).

Petitioner, a citizen of Guatemala, entered the United States without inspection in February 2019. (ECF No. 4 at 2.) Petitioner was apprehended near the border, issued a Notice to Appear, and "released from custody." (*Id.*) On July 31, 2025, Petitioner was ordered removed by an Immigration Judge ("IJ"). (*Id.*) On March 6, 2026, Petitioner's Motion to Reopen her removal proceedings was granted. (*Id.*) On November 20, 2025, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents and has been detained since her arrest. (*Id.*) Following Petitioner's arrest and detention by ICE, she has not been afforded an individualized bond hearing because she is being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (*Id.*)

On March 25, 2026, the Court ordered Respondents to file an answer. (*See* ECF No. 3.) On March 30, 2026, Respondents filed a letter response. (ECF No. 4.) Petitioner replied the same day. (ECF No. 5.)

The Petition contends Petitioner's detention is unlawful. (*See generally* ECF No. 1.) Respondents argue Petitioner is lawfully mandatorily detained under § 1225(b)(1). (*See* ECF No. 4.) Respondents contend Petitioner's detention is under §1225(b)(1) because she was apprehended near the border and is currently in removal proceedings. (*Id.* at 2.) Respondents offer no facts or evidence regarding Petitioner's release into this country in 2019. (*See id.*) Respondents simply claim Petitioner was "released from custody." (*Id.* at 2.)

Respondents fail to provide the Court with any evidence Petitioner was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). Section 1182(d)(5)(A) allows the Secretary of the Department Homeland Security ("DHS") to exercise its discretion to temporarily allow into the United States noncitizens who are applying for admission instead of holding them in detention.[1] Parole may be granted "under such conditions as [the DHS Secretary] may prescribe" and "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." *Id.* Respondents have failed to provide any evidence regarding Petitioner's release from custody in 2019.

There are several types of "parole." 8 U.S.C. § 1182(d)(5)(A) allows for humanitarian parole by DHS of noncitizens detained under § 1225(b), while 8 U.S.C. § 1226(a) allows for "conditional parole" of noncitizens detained under § 1226(a). Respondents have failed to provide the Court with evidence Petitioner was granted humanitarian parole under § 1182(d)(5)(A) in 2019. As Respondents have failed to offer any support for their position Petitioner should be detained under § 1225(b)(1), the Court finds Petitioner similar to the countless number of noncitizens who have been recently unlawfully detained.

---

[1] The Secretary has further delegated that authority by regulation to various officials below them, none of which are the IJs. *See* 8 C.F.R. § 212.5(a).

In *Sandhu v. Tsoukaris*, Civ. A. No. 25-14607, 2025 WL 3240810 (D.N.J. Nov. 20, 2025), and countless other cases in this District, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025).

In *Sandhu*, this Court rejected *Hurtado*'s interpretation of 8 U.S.C. § 1225(b)(2). *Sandhu*, 2025 WL 3240810, at *6. The Court rejected the contention § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held Sandhu was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[2]

Based on this Court's statutory interpretation in *Sandhu*, the Court finds the facts asserted in the Petition establish Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for several years after entry without admission or parole, and his continued detention under that statute is unlawful. Petitioner's § 2241 Petition must therefore be granted.

---

[2] *See also Fajardo-Nugra v. Soto*, Civ. A. No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). In *Fajardo-Nugra*, the court held the petitioner's continued immigration detention under 8 U.S.C. § 1225(b)(2) was unlawful. *Id.* The Government argued the statute authorized mandatory detention. *Id.* However, the Government acknowledged "Courts in this District have repeatedly rejected" applying § 1225(b)(2) to individuals who have lived in the United States for a significant period after entering with inspection. *Id.* Consistent with prior District decisions, the Court found the petitioner fell within the class of individuals who cannot be detained under § 1225(b)(2). *Id.* (citing *Valerio v. Joyce*, Civ. A. No. 25-17225, 2025 WL 3251445, at *3 (D.N.J. Nov. 21, 2025)). The court concluded the petitioner's detention was unlawful and granted the habeas petition. *Id.*

3

Respondents argue if the Court finds § 1225 does not apply to Petitioner—which it has—a bond hearing under § 1226(a) is the only remedy available to Petitioner. (*See* ECF No. 4.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him with bond hearing to which he is entitled to under that statute." *Fajardo-Nugra v. Soto*, Civ. A. No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). The Court will not correct Respondents' unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to a "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Respondents detained Petitioner unlawfully under § 1225(b)(2), and the Court has found he is not subject to detention under that statute. Therefore, Respondents shall release Petitioner from custody.

Accordingly, and for good cause appearing,

**IT IS** on this 31st day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention no later than April 1, 2026, at 5:00 p.m., under the same conditions, if any, that existed prior to her detention; and it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner—including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted

4

or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; and it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; and it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to her; and it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following her release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**